UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SHANE R.D. MARSHALL, )
                                       )    NO.  CV-05-0254-LRS
           Plaintiff,                  )
                                       )    PROTECTIVE ORDER
    -vs-                               )
                                       )
CHEMI-CON MATERIALS CORPORATION,       )
                                       )
           Defendant.                  )
_____      )

**IT IS HEREBY ORDERED:**

1.   This Stipulated Protective Order ("Protective Order") shall govern the treatment and handling of all documents produced by Marshall and Chemi-Con and all copies, excerpts or summaries thereof including (without limitation), answers to requests for admissions, answers to interrogatories, documents produced pursuant to a demand for documents, documents subpoenaed in connection with depositions, and deposition transcripts.

2.   Marshall and Chemi-Con may designate documents, photographs, videotapes, or materials as "confidential" and thus subject to the terms of this Protective Order by fixing a notation to such documents, materials, or information, or by other appropriate written notice to

ORDER - 1

opposing counsel.  Marshall or Chemi-Con may designate "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," those documents that it believes contain confidential information, including but not limited to medical records, financial records, personnel files, payroll records, complaints, investigative documents, studies, business operations, and other trade secret information.  Testimony taken in deposition in this case similarly may be designated as confidential and made subject to the terms of this order at the time of the deposition on the record.  Any party may move for a court determination of confidentiality if the parties are unable to resolve a dispute regarding a party's determination of confidentiality.  This stipulation shall not alter the burden of establishing confidentiality under the Federal Rules of Civil Procedure. No disclosure shall be made of any information designated as confidential until such time as the matter is determined by the court.

3.  Documents, photographs, videotapes, or materials designated confidential pursuant to this order shall not be disclosed or disseminated outside of the offices of plaintiff's and defendant's counsel, with the following exceptions.

a.  Use of such confidential documents, photographs, videotapes, materials, or information for trial preparation by paralegal or secretarial staff of the parties is allowed by this Protective Order, subject to all conditions of this Protective Order which govern the parties' use of such confidential information;

///

ORDER - 2

b.    Documents, photographs, videotapes, materials, or information designated by the parties as confidential may be provided to expert witnesses, or consultants by the parties' attorneys provided such expert witnesses or consultants, before being allowed to see any confidential documents, materials, or information, in writing acknowledge receipt of a copy of this Protective Order and agree to be bound by the terms of this Protective Order.  The prohibition of this paragraph shall apply in all circumstances, including, but not limited to, depositions in this case.

4.    All summaries and exhibits prepared from Confidential Information shall be stamped CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER by counsel causing them to be prepared.

5.    All persons having access to Confidential Information made available pursuant to this agreement shall agree not to make any use of said Confidential Information except in connection with the above-captioned litigation and shall further agree not to deliver or transfer said Confidential Information to any person not previously authorized by the terms herein.

6.    Counsel disclosing Confidential Information to any person or entity shall be responsible for limiting distribution of the Confidential Information to those persons who both (1) have a need to know the information, and (2) are authorized to receive the information under this Protective Order.  Counsel shall be prepared to account for the disposition and use of the information by those persons.

ORDER - 3

7.   All copies of Confidential Information disclosed under this agreement shall be subject to the same restrictions as imposed on the original information.

8.   All documents, photographs, videotapes, or materials designated as confidential and disclosed to any person pursuant to this Protective Order shall remain in the possession only of the attorneys, or the experts or consultants to whom they are disclosed as provided by this order.   The attorneys may not retain any documents, photographs, videotapes, materials, or information designated as confidential pursuant to this order after the conclusion of this litigation or the trial of this case, whichever comes first.

9.   Upon completion of this litigation, all documents, photographs, videotapes and materials designated confidential and all copies thereof, shall be returned to the attorneys or destroyed and written notice of their destruction provided.

10.  Documents, photographs, videotapes, materials, and information designated as confidential pursuant to this order may be disclosed in regular proceedings of this court, subject to approval by the parties' respective attorneys or by the following method in the absence of approvals:  If the documents, photographs, videotapes, materials, or information designated confidential are made exhibits in this case or are incorporated into any pleadings or documents filed on behalf of either party with the court, such exhibits or pleadings shall be (a) bound separately and (b) placed in a sealed envelope or other appropriately

ORDER - 4

sealed container on which shall be endorsed:

> This envelope is sealed pursuant to the Stipulated Protective Order, dated _____, 2005, and contains confidential information filed in these proceedings. It is not to be opened or the contents thereof displayed or revealed except to the court and persons authorized by the court.

If the designated Confidential Information appears in any transcription filed with the court, such transcription shall be (a) bound separately, and (b) placed in a sealed envelope or other appropriately sealed container which bears the foregoing endorsement.

11. No confidential documents, photographs, videotapes, materials, or information shall be used at trial, except as provided by further order of the court. Any party may apply to this court for additional protection regarding any discovery in this case.

12. No modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the court. The parties hereto agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

13. The failure to insist upon full compliance with any of the terms of the Protective Order in any instance shall not be deemed to be a waiver of the right to insist upon full compliance with those terms thereafter.

14. By executing this Protective Order the parties and their respective counsel certify that prior to the disclosure of any Confidential Information as provided herein, the proposed recipient of the information will be first provided a copy of this Protective Order

ORDER - 5

and required to execute a verification in the form attached hereto as Exhibit "A."

15.  A conformed copy of this order shall be provided to the parties who shall sign and date it, acknowledging that they have read and understand it.  The signed copy shall be provided to the respective parties' attorneys.

16.  Any violation of the terms of this Protective Order shall subject the violator to sanctions as determined by the court.

17.  This protective order shall not be construed to limit the parties' respective attorneys from questioning witnesses, even if the questions are based on information designated confidential under this stipulation.

18.  This protective order shall not be applied to log sheets filled out by workers in the Environmental Division of Chemi-Con.

The District Court Executive is directed to file this Order (including the attached form "Verification") and provide copies to counsel.

**DATED** this 3rd day of November, 2005.

                    *s/Lonny R. Suko*
          _____
                    LONNY R. SUKO
          UNITED STATES DISTRICT JUDGE

ORDER - 6

**EXHIBIT "A"**

**VERIFICATION**

1. My name is _____ and I live at
_____.

2. I acknowledge that I have received and read a copy of the Stipulation Protective Order ("Protective Order") which has been entered in this case.

3. I further acknowledge that any Confidential Information will be used by me only in connection with the above-captioned litigation.

4. I further acknowledge that I will not disclose to or discuss such Confidential Information with any person other than those persons who are authorized by the Protective Order to have access to the Confidential Information

5. I further understand that any disclosure or use of Confidential Information contrary to the provisions of the Protective Order shall subject me to sanctions for contempt.

DATED: _____

SIGNED: _____


Witnessed by: _____

Date: _____

ORDER - 7